COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Humphreys
Argued at Richmond, Virginia


RICHARD LEE RAGSDALE
                                             OPINION BY
v.    Record No. 0340-01-2         JUDGE ROBERT J. HUMPHREYS
                                             JULY 2, 2002
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
                      Thomas V. Warren, Judge

              (William R. Blandford, Jr.; Blandford,
              Carrico & Newlon, P.C., on brief), for
              appellant.  Appellant submitting on brief.

              H. Elizabeth Shaffer, Assistant Attorney
              General (Randolph A. Beales, Attorney
              General, on brief), for appellee.


     Richard Lee Ragsdale appeals his conviction, after a bench

trial, for carnal knowledge of a minor, in violation of Code

§ 18.2-63.  Ragsdale contends the trial court erred in refusing

to grant his motion to dismiss on the grounds the charge

violated his right against double jeopardy as secured by the

Fifth Amendment to the United States Constitution and by

Article I, Section 8 of the Virginia Constitution.  Ragsdale

further contends the trial court erred in finding that carnal

knowledge of a child, pursuant to Code § 18.2-63, is not a

lesser-included offense of rape, under Code § 18.2-61.  In the

alternative, Ragsdale argues the trial court erred in finding

the evidence sufficient as a matter of law to support the conviction.

I.    BACKGROUND

On September 7, 1999, a Nottoway County grand jury indicted Ragsdale for the rape of C.W., on April 26, 1999, in violation of Code § 18.2-61.[1]  Prior to Ragsdale's trial, he filed a motion to dismiss the charges against him, alleging that, pursuant to Code § 19.2-243, more than five months had passed since the determination of probable cause.[2]  At his trial on December 13, 1999, the Commonwealth consented to the motion to dismiss and

---

[1] Code § 18.2-61(A) states:
>       If any person has sexual intercourse with a
>       complaining witness who is not his or her
>       spouse or causes a complaining witness,
>       whether or not his or her spouse, to engage
>       in sexual intercourse with any other person
>       and such act is accomplished (i) against the
>       complaining witness's will, by force, threat
>       or intimidation of or against the
>       complaining witness or another person, or
>       (ii) through the use of the complaining
>       witness's mental incapacity or physical
>       helplessness, or (iii) with a child under
>       age thirteen as the victim, he or she shall
>       be guilty of rape.

[2] Code § 19.2-243 provides, in pertinent part:
>       Where a general district court has found
>       that there is probable cause to believe that
>       the accused has committed a felony, the
>       accused, if he is held continuously in
>       custody thereafter, shall be forever
>       discharged from prosecution for such offense
>       if no trial is commenced in the circuit
>       court within five months from the date such
>       probable cause was found by the district
>       court.

-

the court dismissed the charge against Ragsdale, with prejudice, on the basis of the Commonwealth's failure to comply with the statutory speedy trial requirements of Code § 19.2-243.

On January 4, 2000, Ragsdale was indicted in the Circuit Court of Nottoway County for the felony offense of carnally knowing, without the use of force, C.W., a child fourteen years of age, in violation of Code § 18.2-63.[3] The date of offense was the same date listed for the rape charge.

On May 30, 2000, prior to his trial on the new indictment, Ragsdale filed a plea of double jeopardy, requesting that the

---

[3] Code § 18.2-63 provides:

> If any person carnally knows, without the use of force, a child thirteen years of age or older but under fifteen years of age, such person shall be guilty of a Class 4 felony. However, if such child is thirteen years of age or older but under fifteen years of age and consents to sexual intercourse and the accused is a minor and such consenting child is three years or more the accused's junior, the accused shall be guilty of a Class 6 felony. If such consenting child is less than three years the accused's junior, the accused shall be guilty of a Class 4 misdemeanor.
> In calculating whether such child is three years or more a junior of the accused minor, the actual dates of birth of the child and the accused, respectively, shall be used. For the purposes of this section, (i) a child under the age of thirteen years shall not be considered a consenting child and (ii) "carnal knowledge" includes the acts of sexual intercourse, cunnilingus, fellatio, anallingus, anal intercourse, and animate and inanimate object sexual penetration.

(Emphasis added.)

-

trial court dismiss the charge against him.  Ragsdale contended the offense for which he was indicted was either the same or a lesser-included offense of the offense dismissed by the Circuit Court of Nottoway County on December 13, 1999, and, as such, his retrial was prohibited pursuant to Code § 19.2-243.  Ragsdale further argued that to try him on the subsequent indictment would constitute double jeopardy and a denial of his rights under the United States Constitution and the Virginia Constitution.

At his trial on the second indictment on June 8, 2000, Ragsdale entered a plea of not guilty.  The trial court then heard argument on Ragsdale's plea of double jeopardy.  The court held, "I think it's pretty book [sic] law that jeopardy never attached, because he was never tried, there was [sic] no witnesses sworn and the jury was not sworn.  Therefore, jeopardy did not attach."  The court did not rule on Ragsdale's argument that carnal knowledge is a lesser-included offense of rape.  However, the court took Ragsdale's plea and attendant motion to dismiss under advisement and proceeded with the trial.

Upon completion of the presentation of the Commonwealth's case-in-chief, Ragsdale raised a motion to strike the evidence, arguing that "the overall testimony of the complaining witness should not be given great weight."  Ragsdale then argued that the Commonwealth did not prove its prima facie case.  The court denied the motion, and ultimately found Ragsdale guilty of the

-

charge, but delayed a final decision pending consideration of Ragsdale's plea of double jeopardy and motion to dismiss.

By letter opinion dated August 11, 2000, the trial court ruled that carnal knowledge of a child, as set forth in Code § 18.2-63, is not a lesser-included offense of rape, as set forth in Code § 18.2-61. The trial court stated:

> It is my view that the elements of rape, requiring penis/vagina penetration are different than those of section 18.2-63 which in addition to intercourse includes other acts set out in the last paragraph. If one rapes a fourteen year old girl and also commits other acts set forth in 18.2-63 he has in my opinion committed two separate and different crimes. The present indictment for carnal knowledge is not a lesser includable offense within 18.2-61.

The trial court, therefore, rejected Ragsdale's plea of double jeopardy and denied his motion to dismiss.

## II.  ANALYSIS

The Fifth Amendment of the United States Constitution declares that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Virginia Constitution likewise protects an individual from being "put twice in jeopardy for the same offense."[4] As we noted in Dalo v. Commonwealth, "[t]he Fifth Amendment protection against double jeopardy includes 'three separate guarantees: (1) "It protects against a second prosecution for the same offense after acquittal.

___

[4] Va. Const. art. I, § 8.

-

[(2) I]t protects against a second prosecution for the same offense after conviction.  [(3)] And it protects against multiple punishments for the same offense."'"[5]  However, jeopardy must first attach before a claim of double jeopardy can succeed.

In the case at bar, we hold that the trial court properly determined jeopardy did not attach in the first proceeding. Indeed, in a bench trial, jeopardy does not attach until the first witness has been sworn.[6]  On this record, there is no evidence that a witness had been sworn at the proceeding on December 13, 1999.  Therefore, the trial court did not err in denying Ragsdale's plea of double jeopardy as jeopardy never attached in the first proceeding.

Nevertheless, according to Code § 19.2-243, Ragsdale must be "forever discharged from prosecution for [that charge]," due to the Commonwealth's violation of the speedy trial statute. Specifically, the offense from which Ragsdale is discharged is the April 26, 1999 rape of C.W.[7]  Ragsdale argues that carnal knowledge is a lesser-included offense of rape.  Thus, he contends he must also be discharged from prosecution for this

---

[5] 37 Va. App. 156, 162, 554 S.E.2d 705, 708 (2001) (quoting Illinois v. Vitale, 447 U.S. 410, 415 (1980) (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969), overruled on other grounds by Alabama v. Smith, 490 U.S. 794 (1989))).

[6] Peterson v. Commonwealth, 5 Va. App. 389, 395, 363 S.E.2d 440, 444 (1987) (citing Serfass v. United States, 420 U.S. 377, 388 (1975)).

[7] See id.

-

offense.  Assuming, without deciding, that under this rule Ragsdale would also be discharged from prosecution for a lesser-included offense, we do not agree with Ragsdale's contention that carnal knowledge is a lesser-included offense of rape.

"Generally, to determine whether charges are for the 'same offense,' courts turn to the test established in Blockburger.[8] . . . 'the applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'"[9]  In applying the Blockburger test, the two offenses "are to be examined in the abstract, rather than with reference to the facts of the particular case under review."[10]

Code § 18.2-61 states, "If any person has sexual intercourse with a complaining witness who is not his or her spouse . . . and such act is accomplished . . . against the complaining witness's will, by force, threat or intimidation of or against the complaining witness . . . he or she shall be

---

[8] Blockburger v. United States, 284 U.S. 299 (1932).

[9] Dalo, 37 Va. App. at 162, 554 S.E.2d at 708 (quoting Brown v. Ohio, 432 U.S. 161, 166 (1977)).

[10] Blythe v. Commonwealth, 222 Va. 722, 726, 284 S.E.2d 796, 798 (1981) (citing Whalen v. United States, 445 U.S. 684, 694 n.8 (1980)).

-

guilty of rape."  Code § 18.2-63 states, "[i]f any person carnally knows, without the use of force, a child thirteen years of age or older but under fifteen years of age, such person shall be guilty of a Class 4 felony."  The code section further defines "carnal knowledge" as "includ[ing] the acts of sexual intercourse, cunnilingus, fellatio, anallingus, anal intercourse, and animate and inanimate object sexual penetration."

Thus, Code § 18.2-61 requires proof of facts that Code § 18.2-63 does not require, and vice versa.  Code § 18.2-61 requires proof of (i) sexual intercourse, (ii) that is accomplished against the complaining witness's will, (iii) by force, threat, or intimidation, while Code § 18.2-63 requires proof of (i) carnal knowledge, which includes acts other than sexual intercourse, (ii) with a child between thirteen and fifteen years old, (iii) without the use of force.  Accordingly, rape requires proof of two facts, specifically, sexual intercourse and the use of force, that carnal knowledge does not require.  Carnal knowledge requires proof of one fact that rape does not require, specifically, that the victim be between thirteen and fifteen years old.  Carnal knowledge also does not require the act of sexual intercourse or the use of force, required by rape.  Therefore, under the traditional Blockburger test, carnal knowledge is not a lesser-included offense of rape, and the trial court did not err in allowing the prosecution of

-

the offense to proceed.[11]  Therefore, Ragsdale's argument fails

because he was not subsequently prosecuted for the "same

offense."

Finally, Ragsdale argues that the trial court erred in

finding the evidence sufficient as a matter of law to sustain

the conviction.  Under accepted principles, "[w]here the

sufficiency of the evidence is challenged on appeal, [the]

evidence must be construed in the light most favorable to the

Commonwealth, giving it all reasonable inferences fairly

deducible therefrom."[12]  The "'judgment of a trial court sitting

without a jury is entitled to the same weight as a jury verdict

and will not be disturbed on appeal unless plainly wrong or

without evidence to support it.'"[13]  Moreover, "the conclusions

of the fact finder on issues of witness credibility may be

disturbed on appeal only when we find that the witness'

testimony was 'inherently incredible, or so contrary to human

experience as to render it unworthy of belief.'"[14]  "In all other

---

[11] Blockburger, 284 U.S. at 299.

[12] Norman v. Commonwealth, 2 Va. App. 518, 520, 346 S.E.2d
44, 45 (1986) (citing Higginbotham v. Commonwealth, 216 Va. 349,
352, 218 S.E.2d 534, 537 (1975)).

[13] Brown v. Commonwealth, 5 Va. App. 489, 491, 364 S.E.2d
773, 774 (1988) (quoting Hambury v. Commonwealth, 3 Va. App.
435, 437, 350 S.E.2d 524, 524 (1986)).

[14] Ashby v. Commonwealth, 33 Va. App. 540, 548, 535 S.E.2d
182, 187 (2000) (quoting Fisher v. Commonwealth, 228 Va. 296,
299-300, 321 S.E.2d 202, 204 (1984)).

-

cases, we must defer to the conclusions of 'the fact finder[,] who has the opportunity of seeing and hearing the witnesses.'"[15] "These same principles apply in cases involving rape, sodomy, and other sexual offenses, which may be sustained solely upon the testimony of the victim, even in the absence of corroborating evidence."[16]

The evidence in the case at bar, when viewed in the light most favorable to the Commonwealth, is sufficient to find Ragsdale guilty of carnal knowledge of C.W. C.W. testified that she was fourteen years of age on the date of the offense and that she had sexual intercourse with Ragsdale on that day. Further, the trial court, in finding Ragsdale guilty, stated, "I thought that [C.W.] was an extremely credible witness. . . . I think her testimony is extremely credible and [Ragsdale's] to the contrary." Ragsdale offered no evidence, other than his own self-serving testimony, to rebut C.W.'s testimony.[17] We hold the

---

[15] Ashby, 33 Va. App. at 548, 535 S.E.2d at 187 (quoting Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985)).

[16] Ashby, 33 Va. App. at 548-49, 535 S.E.2d at 187.

[17] See Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (holding that "the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt").

-

evidence was therefore sufficient to prove beyond a reasonable doubt that Ragsdale committed the charged offense.

Affirmed.

Benton, J., concurring.

Code § 18.2-63 provides that the term "carnal knowledge" includes acts of sexual intercourse, cunnilingus, fellatio, annallingus, anal intercourse, animate object sexual penetration, or inanimate object sexual penetration. Prior to the trial, Ragsdale did not file a motion for a bill of particulars seeking to learn what act of carnal knowledge the Commonwealth intended to prove. The sole contention raised by Ragsdale's pretrial plea of double jeopardy was the claim that "to try [him] on the present indictment would constitute double jeopardy and a denial of his rights under the Constitution." At the argument on the motion, the prosecutor asserted that carnal knowledge could be proved by evidence of one of various sexual acts under Code § 18.2-63.

For purposes of double jeopardy, "the test to be applied to determine whether there are two offenses or only one, is whether each [statutory] provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). Applying this test in Whalen v. United States, 445 U.S. 684 (1980), the United States Supreme Court noted that although courts should not look to the facts as alleged in the indictments, id. at 694 n.8, courts should look at the elements of the offense as alleged in the indictments. Thus, in Whalen, the Supreme Court ruled as follows:

-

In this case, resort to the Blockburger rule leads to the conclusion that Congress did not authorize consecutive sentences for rape and for a killing committed in the course of the rape, since it is plainly not the case that "each provision requires proof of a fact which the other does not."  A conviction for killing in the course of a rape cannot be had without proving all the elements of the offense of rape.  The Government contends that felony murder and rape are not the "same" offense under Blockburger, since the former offense does not in all cases require proof of a rape; that is, [the felony murder statute] proscribes the killing of another person in the course of committing rape or robbery or kidnapping or arson, etc.  Where the offense to be proved does not include proof of a rape – for example, where the offense is a killing in the perpetration of a robbery – the offense is of course different from the offense of rape, and the Government is correct in believing that cumulative punishments for the felony murder and for a rape would be permitted under Blockburger.  In the present case, however, proof of rape is a necessary element of proof of the felony murder, and we are unpersuaded that this case should be treated differently from other cases in which one criminal offense requires proof of every element of another offense.  There would be no question in this regard if Congress, instead of listing the six lesser included offenses in the alternative, had separately proscribed the six different species of felony murder under six statutory provisions.  It is doubtful that Congress could have imagined that so formal a difference in drafting had any practical significance, and we ascribe none to it.  To the extent that the Government's argument persuades us that the matter is not entirely free of doubt, the doubt must be resolved in favor of lenity.

445 U.S. at 693-94 (citations and footnote omitted).

–

The Supreme Court of Virginia has held that, "[i]n applying the Blockburger test, we look at the offenses charged in the abstract, without referring to the particular facts of the case under review." Coleman v. Commonwealth, 261 Va. 196, 200, 539 S.E.2d 732, 734 (2001). The Supreme Court's decision in Coleman appears, in its application of the test, to be at odds with Whalen because Coleman requires that we look at "the use of the disjunctive 'or' in the statute" as creating hypothetical alternatives within one statute, see 261 Va. at 200, 539 S.E.2d at 734, rather than the actuality of distinct statutes with each having one of the disjunctive elements. See Whalen, 445 U.S. at 694 (rejecting the Government's argument that "felony murder and rape are not the 'same' offense under Blockburger, since the former offense does not in all cases require proof of a rape"). Indeed, "the teaching of Whalen" clearly is that "the construction of the statute should be in terms of the actuality and not in terms of hypothetical but not genuine possibilities." United States v. Barrington, 662 F.2d 1046, 1052 (4th Cir. 1981).

When I apply the Coleman reasoning to this case, I conclude that, although rape requires proof of sexual intercourse under Code § 18.2-61 and carnal knowledge may be proved by sexual intercourse under Code § 18.2-63, carnal knowledge does not require proof of sexual intercourse (i.e., it also may be proved by either of six other sexual acts). Thus viewed, the carnal

-

knowledge statute cannot be deemed a lesser-included offense of the rape.  For these reasons, I concur in affirming the conviction.

I also would summarily note that after the Commonwealth's evidence established that the act it was relying on to prove carnal knowledge was the same act that gave rise to the rape indictment, no motion was made to strike pursuant to Code § 19.2-243, alleging that the conviction was merely the same charge earlier dismissed because the Commonwealth violated Code § 19.2-243.  Thus, we need not decide that issue.