COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Frank and McClanahan
Argued at Chesapeake, Virginia


HOWARD W. PAYNE, JR., SOMETIMES KNOWN AS
 HOWARD E. PAYNE, JR.
                                                MEMORANDUM OPINION[*] BY
v.         Record No. 0678-03-1              JUDGE ELIZABETH A. McCLANAHAN
                                                        MARCH 30, 2004
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                         Christopher W. Hutton, Judge

            Charles E. Haden for appellant.

            Stephen R. McCullough, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on brief), for appellee.


        Howard W. Payne, Jr. appeals his conviction for two counts of rape in violation of Code

§ 18.2-61, two counts of forcible sodomy in violation of Code § 18.2-67.1, and one count of

abduction in violation of Code § 18.2-48.  On appeal, Payne contends that the trial court erred

by:  (1) denying his motion to strike the evidence when there was compelling evidence of

innocence, namely that Payne did not contract a sexually transmitted disease whereas the victim

did; (2) denying his motion to strike the charge for abduction; and, (3) overruling his objection to

certain witness testimony where its prejudicial effect outweighed its probative value.  Finding no

error, we affirm the trial court.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. Background

On appeal, we review the evidence in the "light most favorable" to the Commonwealth. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (citation omitted). That principle requires us to "'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" Kelly v. Commonwealth, 41 Va. App. 250, 254, 584 S.E.2d 444, 446 (2003) (en banc) (quoting Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998)).

Payne was charged with two counts of rape, two counts of forcible sodomy and one count of abduction, perpetrated against a teenaged relative. At his jury trial, Payne's counsel cross-examined the victim about why she had not reported the incidents earlier. On re-direct, the Commonwealth sought to respond to that line of questioning by asking the victim about a relative who was ostracized by her family when she reported a similar incident. Payne objected on the grounds that the testimony was hearsay and that its prejudicial effect outweighed its probative value because the jury could infer that Payne was "implicated in another attack." The court overruled the objection and allowed the testimony, but admonished the witness and the Commonwealth not to mention anyone's name in relation to the incident.

Payne moved to strike the evidence at the close of the Commonwealth's case, on the grounds that the victim's testimony was "highly unbelievable" and that the Commonwealth had not produced any independent evidence. The court denied Payne's motion stating that the Commonwealth had sustained its burden and that the issues were factual, and were to be decided by the jury.

At the conclusion of all the evidence, Payne renewed his motion to strike on the grounds that Payne had produced alibi witnesses, and again, that the victim's testimony was "wholly

unbelievable." The court again denied the motion stating, "the issues to be resolved are issues of fact, in this case resolvable by the Jury."

Payne was convicted on all counts. The jury recommended a sentence of twenty years for each rape, twenty years for abduction, and ten years for each count of forcible sodomy. At the sentencing hearing the court accepted the recommendation of the jury and sentenced Payne to a total of eighty years.

## II. Analysis

### A. Standard of Review

When faced with a challenge to the sufficiency of the evidence, we "'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (citations omitted); see also McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*). When a jury decides the case, Code § 8.01-680 requires that "we review the jury's decision to see if reasonable jurors could have made the choices that the jury did make. We let the decision stand unless we conclude no rational juror could have reached that decision." Pease v. Commonwealth, 39 Va. App. 342, 355, 573 S.E.2d 272, 278 (2002) (*en banc*), aff'd, 266 Va. 397, 588 S.E.2d 149 (2003).

Put another way, a reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original and citation omitted). It asks instead whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic

facts to ultimate facts.'" Id. at 257-58, 584 S.E.2d at 447. It also gives full play to our appellate responsibility not to "substitute our judgment for that of the trier of fact," Kelly, 41 Va. App. at 257, 583 S.E.2d at 477 (citation omitted), "even were our opinion to differ," Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002) (citation omitted); see also Mohajer v. Commonwealth, 40 Va. App. 312, 321, 579 S.E.2d 359, 364 (2003) (*en banc*); Pease, 39 Va. App. at 355, 573 S.E.2d at 278. This deference applies not only to the historical facts, but to the inferences from those facts as well. "The inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact." Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991) (citation omitted).

### B. Motion to Strike

Payne argues that the trial court erred in denying his motion to strike the evidence when there was compelling evidence of his innocence, namely, he contends that he did not contract a sexually transmitted disease, even though the victim had one. A motion to strike is "an attack upon the sufficiency of the evidence presented." Charles E. Friend, The Law of Evidence in Virginia § 1.4(C), at 12 (6th ed. 2003). See also Burks Pleading and Practice § 284 (4th ed. 1952). A motion to strike the evidence or to set aside the verdict must specify the grounds upon which the motion is based. See Marshall v. Commonwealth, 26 Va. App. 627, 637, 496 S.E.2d 120, 125 (1998); Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997). On a motion to strike, the trial court is limited to reviewing the sufficiency of the evidence as a matter of law.

The issue of whether Payne had contracted a sexually transmitted disease was not raised in the motion to strike at the conclusion of the Commonwealth's case-in-chief, or in the motion to strike at the conclusion of all of the evidence. In his motion to strike at the conclusion of the Commonwealth's case-in-chief, Payne's counsel stated:

- 4 -

Your Honor, we base this motion on that the last – we base it on the last two witnesses who were corroborating witnesses, offered up no independent evidence. It comes down to Ms. [P.], obviously.

I understand that the burden is low at this time; it's in the Commonwealth's favor. I would just argue that her testimony was so unbelievable, Your Honor with the change of dates, with the facts scenario, with nobody being able to hear anything in the dead of night, no bruising, no scratching, not telling anyone for ten months, that that is so highly unbelievable, at this point, we would ask for a motion to strike.

When the judge asked if counsel had anything further to add, counsel stated he did not. The issue of whether Payne had contracted a sexually transmitted disease was not raised in the motion to strike by counsel; it was not even mentioned. In his motion to strike at the conclusion of all the evidence, Payne's counsel stated:

We're going to renew our motion to strike. Obviously, now, it's in the light most favorable to the Defendant. Your Honor, we believe that, coupled with the unbelievability of [N.P.]'s testimony, along with several non-family members that have a direct alibi for Mr. Payne as to his place and time of the 7th and 8th, along with the testimony of family members, that a Jury could not find – a reasonable Jury could not find Mr. Payne guilty of the charges on the 7th and the early morning of the 8th.

The Commonwealth had one witness, one witness alone that made an allegation, with no evidence other than two people that said, here's what she told me. We have her testimony as to what happened, but on cross-examination, she did admit she had changed the dates over and over again, that she had made no noise or screams. I would argue that her testimony was wholly unbelievable.

Coupled with our alibi witnesses, your Honor, I would now ask for a motion to strike on the charges of the 8th, which also includes, I believe, the abduction charge.

Again, Payne's counsel made no mention that Payne's lack of a sexually transmitted disease compelled the court to find him innocent as a matter of law. The trial court, in both instances, stated that the issues to be resolved were issues of fact to be decided by the jury. Indeed, whether Payne was innocent because he did not contract a sexually transmitted disease was an issue of fact for the jury.

We have held on numerous occasions that where an appellant fails to state the alleged error with specificity to the trial court, he or she will not be heard to complain on appeal. Rule 5A:18; see Miller v. Commonwealth, 22 Va. App. 497, 471 S.E.2d 780 (1996); Campbell v. Commonwealth, 12 Va. App. 476, 405 S.E.2d 1 (1991). Appellant failed to raise the issue either in his motion to strike at the conclusion of the Commonwealth's evidence, or in his motion to strike at the conclusion of all the evidence. Thus, Rule 5A:18 bars our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

As to the general sufficiency of the evidence, rape requires a showing that sexual intercourse occurred and "was accomplished against the victim's will 'by force, threat or intimidation.'" Sabol v. Commonwealth, 37 Va. App. 9, 16, 553 S.E.2d 533, 536 (2001) (quoting Code § 18.2-61); Ragsdale v. Commonwealth, 38 Va. App. 421, 428, 565 S.E.2d 331, 335 (2002). Under Virginia law, a victim's uncorroborated testimony can provide sufficient evidence for a rape conviction. Id. at 429, 565 S.E.2d at 335. Therefore, based on the victim's testimony alone, we hold that the trial court could, as a matter of law, deny the motions and find that there was sufficient evidence for the case to be submitted to the jury.

C. Motion to Strike the Abduction Charge

Payne contends he did not abduct the victim, since the detention was not separate and apart from, but was merely incidental to, the restraint employed in the rape offense. Payne admits that he did not preserve this issue. However, he contends that this Court should consider his argument "for the good cause that the error is plain on the record and doing so would attain the ends of justice."

Rule 5A:18 provides for consideration of a ruling by the trial court that was not objected to at trial "to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "'The ends

of justice exception is narrow and is to be used sparingly,'" when an error at trial is "'clear, substantial and material.'" Redman, 25 Va. App. at 220-21, 487 S.E.2d at 272 (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10-11 (1989)). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Id. at 221, 487 S.E.2d at 272 (citing Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)).

> In order to show that a miscarriage of justice has occurred, an appellant must demonstrate more than that the Commonwealth failed to prove an element of the offense . . . . [T]he appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur.

Id. at 221-22, 487 S.E.2d at 272-73.

Payne is correct that a defendant may be convicted of abduction in addition to "another crime involving restraint of the victim, both growing out of a continuing course of conduct, . . . only when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crime." Brown v. Commonwealth, 230 Va. 310, 314, 337 S.E.2d 711, 713-14 (1985). He cites Brown and several other cases to contend that he did not abduct the victim and the detention he employed was inherent in rape. However, the facts in Brown support Payne's conviction. In Brown, the appellant entered the victim's car, struck her, threatened her and then drove to a secluded location, where the sexual assault took place. Id. at 312, 337 S.E.2d at 712. The Supreme Court found "the detention underlying the abduction conviction was not the kind of restraint that is inherent in the act of rape." Id. at 314, 337 S.E.2d at 714. Payne argues, "the detention employed was simply the detention necessary to complete the rape." Payne trivializes the victim's testimony that he grabbed her by the wrists as she tried to walk away from him in the kitchen and that he pulled her up the stairs to a bedroom, where he raped her. Neither the act of

grabbing her wrists nor of pulling her to a different location was "inherent in" the commission of rape or forcible sodomy. In fact, both the grabbing and the pulling her upstairs occurred prior to these other crimes, which occurred on the bed. Clearly, the record includes evidence to support all the elements of the crime of abduction.

Accordingly, Payne does not contend that an element of abduction did not occur, or that he did not detain the victim. Instead, he contends the detention was insufficient to rise to the level of a separate criminal offense.

> In order to invoke the ends of justice exception when sufficiency of the evidence has been raised for the first time on appeal, an appellant must do more than show that the Commonwealth failed to prove an element or elements of the offense. Otherwise, we would be required under the ends of justice exception to address the merits of every case where a defendant has failed to move to strike the Commonwealth's evidence as being insufficient to prove an element of the offense. Such a rule would obviate the requirement for making an adequate motion to strike or a contemporaneous objection that the evidence was insufficient.

Redman, 25 Va. App. at 221, 487 S.E.2d at 272. The exception therefore will not be invoked unless the evidence affirmatively shows "that an element of the offense did not occur." Id. at 222, 487 S.E.2d at 273. Payne did not show that an element of the offense did not occur. We conclude that no manifest injustice occurred.

### D. Objection to Witness Testimony

Payne argues that the court erred in allowing into evidence the victim's testimony concerning a prior alleged incident involving a relative of the victim and that the testimony was more prejudicial than probative. "'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Crews v. Commonwealth, 18 Va. App. 115, 118, 442 S.E.2d 407, 409 (1994) (citation omitted). "Evidence which 'tends to cast any light upon the subject of the inquiry' is relevant." Cash v. Commonwealth, 5 Va. App. 506, 510, 364 S.E.2d 769, 771 (1988) (citations

omitted).  For any type of evidence to be admissible, its offeror need only prove that it is "material -- tending to prove a matter . . . properly at issue in the case -- and relevant."  Johnson v. Commonwealth, 2 Va. App. 598, 601, 347 S.E.2d 163, 165 (1986).  "But when relevant evidence is offered which may be inflammatory and which may have a tendency to prejudice jurors against the defendant, its relevancy 'must be weighed against the tendency of the offered evidence to produce passion and prejudice out of proportion to its probative value.'"  Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986) (citation omitted).

The testimony was critical to the Commonwealth's case because Payne had called the victim's credibility into question.  Under cross-examination, Payne's counsel had repeatedly pressed the victim on why she did not report the rapes immediately.  When the Commonwealth attempted to respond with relevant evidence, Payne objected.

The court limited the scope of the evidence to allow it only for the purpose of showing why the victim had not earlier revealed the incidents with Payne.  Outside the presence of the jury, the court reviewed the parameters of the testimony with counsel and the witness.  He admonished them, "specifically not to mention the name of anyone about which [the relative] may have made an allegation."  The entire exchange before the jury was:

> Q.  Now, [N.], I asked you earlier did [the relative] make an allegation about something that happened to her?
> A.  Yes.
> Q.  Did that affect your decision whether or not to tell anyone?
> A.  Yes.
> Q.  How did it affect your decision whether or not to tell?
> A.  Because she was alienated by her family and they stopped talking to her.

Payne was not mentioned in the exchange, nor was the nature of the relative's allegations.  There was nothing inflammatory about the questions or answers that may have had a tendency to prejudice jurors against Payne.

"The responsibility for balancing the competing considerations of probative value and prejudice rests in the sound discretion of the trial court.  The exercise of that discretion will not be disturbed on appeal in the absence of a clear abuse." Spencer v. Commonwealth, 240 Va. 78, 90, 393 S.E.2d 609, 617 (citing Coe, 231 Va. at 87, 340 S.E.2d at 823), cert. denied, 498 U.S. 908 (1990).  We find no abuse of that discretion with regard to this issue.

### III.  Conclusion

We hold that the first two issues are procedurally barred.  On the third issue, we hold that the trial court did not abuse its discretion in admitting the contested testimony.  Accordingly, the convictions are affirmed.

Affirmed.