COURT OF APPEALS OF VIRGINIA

Present: Judges Fulton, Ortiz and Raphael
Argued at Norfolk, Virginia

LORRI DENISE SMITH

MEMORANDUM OPINION[*] BY
v.      Record No. 0710-21-1      JUDGE DANIEL E. ORTIZ
JULY 26, 2022

COMMONWEALTH OF VIRGINIA AND
 THE CITY OF NEWPORT NEWS

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Bryant L. Sugg, Judge

Catherine A. Tatum, Assistant Public Defender, for appellant.

David A. Mick, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee Commonwealth of
Virginia.

No brief or argument for appellee The City of Newport News.

The trial court convicted Lorri Denise Smith of malicious wounding, use of a firearm during

the commission of a felony, shooting into an occupied vehicle, violating a protective order while

armed with a deadly weapon, possessing a firearm while a protective order was in effect, and

destruction of property. Smith argues that the evidence is insufficient to support her convictions.

We find no merit to Smith's arguments and affirm her convictions.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

doing so, we discard any of Smith's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all fair inferences that may be drawn from that evidence. *Gerald*, 295 Va. at 473.

On October 14, 2018, Jada Ringer and Smith argued. Ringer and Smith had been in a romantic relationship and after it ended, Ringer asked Smith to return the key to her apartment that she had given Smith. Around 4:00 p.m., Ringer left her apartment, locked the door behind her, and returned approximately two hours later. When Ringer returned, she noted that although the door was shut, it was no longer locked. Upon entering her apartment, Ringer discovered that the cords to her television, cable box, and internet router had all been cut. Also, a shower curtain and an air mattress had been slashed. Smith was the only other person who had a key to Ringer's apartment. After the incident, Ringer obtained a protective order against Smith. Ringer testified that Smith later admitted that she had cut the electrical cords at Ringer's apartment and apologized when she learned that the television belonged to Ringer's sister.

In December 2018, Ringer and Smith rekindled their relationship although the protective order was still in effect. Ringer lived in the same apartment, and Smith still retained a key to the unit. Early in the morning on December 19, 2018, Smith and Ringer began arguing. Smith struck Ringer in the face and after a brief physical altercation, Smith left the apartment. Ringer could not find her phone and went outside to ask Smith if she had it. But Smith was brandishing a gun and screaming that she wanted her belongings back. Ringer entered her car, intending to extricate herself from the fray and go to work, but as she began exiting her parking space, Smith shot the car's headlight. Scared, Ringer accelerated and tried to flee. Smith fired more shots, striking Ringer three times, twice in her arm and once in her back. As she drove away, Ringer saw Smith with the gun in her hand. Ringer drove to a nearby gas station and called the police.

Smith admitted that she was at Ringer's apartment and fought with her, but Smith denied that she shot Ringer and stated that her mother picked her up. Smith's mother testified that she picked up Smith and drove her home. Smith also denied that she entered the apartment in October or damaged Ringer's property. The trial court rejected Smith's testimony and convicted her of the charged offenses. This appeal followed.

ANALYSIS

Smith argues that the evidence is insufficient to support her convictions. "On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "The question on appeal, is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

Smith contends that the evidence failed to "establish that she was the perpetrator of the destruction of property offense on October 14, 2018." She also argues that "the evidence was insufficient to establish that she was the perpetrator of the five felony offenses in connection with the shooting on December 19, 2018."

"At trial, the Commonwealth bears the burden of proving the identity of the accused as the perpetrator beyond a reasonable doubt." *Cuffee v. Commonwealth*, 61 Va. App. 353, 364 (2013) (quoting *Blevins v. Commonwealth*, 40 Va. App. 412, 423 (2003)). On appeal, we review the trier of fact's determination regarding the identity of the criminal actor in the context of "the

totality of the circumstances." *Brown v. Commonwealth*, 37 Va. App. 507, 523 (2002) (quoting *Satcher v. Commonwealth*, 244 Va. 220, 249 (1992)).

Smith asserts that "Ringer alleged that Smith was responsible for damaging property within her apartment, but provided no evidence other than her own testimony to support her allegation." She also states that the "Commonwealth relied heavily on Ringer's claim that Smith later apologized for damaging the property after learning that the television belonged to her sister; however, no one else corroborated that apology." She concludes that "[w]ithout additional evidence, . . . Ringer's testimony was insufficient to establish Smith as the perpetrator of the October offense beyond a reasonable doubt."

Similarly, Smith argues that Ringer's identification alone of Smith as the perpetrator "was insufficient to find her guilty beyond a reasonable doubt for all five of the December offenses." "Smith's contention is not that Ringer was unable to properly identify her, but rather that she intentionally and falsely identified her as the perpetrator of the December offenses."

"Determining the credibility of witnesses . . . is within the exclusive province of the [fact finder], which has the unique opportunity to observe the demeanor of the witnesses as they testify." *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)). "[T]he conclusions of the fact finder on issues of witness credibility may be disturbed on appeal only when we find that the witness' testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" *Ragsdale v. Commonwealth*, 38 Va. App. 421, 429 (2002) (quoting *Ashby v. Commonwealth*, 33 Va. App. 540, 548 (2000)). "Evidence is not 'incredible' unless it is 'so manifestly false that reasonable men ought not to believe it' or 'shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Gerald*, 295 Va. at 487 (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)).

Moreover, "[m]erely because [a] defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded. What weight should be given evidence is a matter for the [factfinder] to decide." *Edwards v. Commonwealth*, 68 Va. App. 284, 301 (2017) (alterations in original) (quoting *Haskins v. Commonwealth*, 44 Va. App. 1, 9 (2004)). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)).

When "credibility issues have been resolved by the [fact finder] in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong.'" *Towler v. Commonwealth*, 59 Va. App. 284, 291 (2011) (quoting *Corvin v. Commonwealth*, 13 Va. App. 296, 299 (1991)).

> [W]hen "faced with a record of historical facts that supports conflicting inferences," a court reviewing the sufficiency of the evidence "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

*Harper v. Commonwealth*, 49 Va. App. 517, 523 (2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)). Finally, it is well established that "the testimony of a single witness, if found credible by the trial court and not found inherently incredible by this Court, is sufficient to support a conviction." *McCary v. Commonwealth*, 36 Va. App. 27, 41 (2001).

Here, the trial court accepted Ringer's testimony and rejected Smith's version of the events. Ringer testified without contradiction that when she left her apartment on October 14, 2018, she locked the door. When she returned a few hours later, however, the door to the apartment was closed but unlocked. Someone had entered the apartment and slashed or cut

numerous items of personal property. Smith was the only person other than Ringer who possessed a key to the apartment. That circumstance was consistent with the closed but unlocked door which confronted Ringer upon her return. Furthermore, Ringer testified that Smith later called her and apologized for damaging the property, thus admitting that she was the perpetrator.

Likewise, Ringer positively identified Smith as the person who struck her and then shot her and her car. Smith admitted that she and Ringer fought at Ringer's apartment, thus establishing that Smith was present at the scene. Although Smith denied striking or shooting Ringer, Ringer's testimony alone sufficiently established that Smith committed the offenses. "When the law says that it is for the trier of fact to judge the credibility of a witness, the issue is not a matter of degree." *Dalton*, 64 Va. App. at 526 (quoting *Simpson v. Commonwealth*, 199 Va. 549, 557 (1957)). "So long as a witness deposes as to facts, which, if true, are sufficient to maintain their verdict, . . . [and] the trier of the facts sees fit to base the verdict upon that testimony, there can be no relief in the appellate court." *Id.* (quoting *Simpson*, 199 Va. at 557-58). "[T]he testimony of a single witness, if found credible by the trial court and not found inherently incredible by this Court, is sufficient to support a conviction." *McCary*, 36 Va. App. at 41. Here, Ringer's testimony established that Smith committed the charged offenses.

CONCLUSION

For the foregoing reasons, we find that the evidence was sufficient to prove Smith's guilt beyond a reasonable doubt, and we affirm her convictions.

*Affirmed.*