COURT OF APPEALS OF VIRGINIA

Present: Senior Judges Clements, Haley and Petty

ROY LAWRENCE LATTA, III

v.      Record No. 0428-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
NOVEMBER 29, 2022

FROM THE CIRCUIT COURT OF AMELIA COUNTY
Paul W. Cella, Judge

(David G. Moss; The Law Office of David G. Moss, PLLC, on brief), for appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Liam A. Curry, Assistant Attorney General, on brief), for appellee.

Following a bench trial, the trial court convicted Roy Lawrence Latta, III of felony eluding.[1] The trial court sentenced Latta to three years' incarceration with two years suspended. Latta argues that the evidence was insufficient to support the conviction because it did not prove that he willfully eluded law enforcement.

Latta's counsel has moved for leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967). The motion to withdraw is accompanied by a brief referring to the part of the record that might arguably support this appeal. A copy of that brief has been furnished to Latta with sufficient time for him to raise any matter that he chooses, along with a motion requesting an extension of time to allow him to file *pro se* supplemental pleadings. Latta has not filed any *pro se* supplemental pleadings.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The trial court also convicted Latta of operating a motor vehicle with a revoked license and failure to signal while operating a motor vehicle. Latta did not appeal these convictions.

After examining the briefs and record in this case, the panel has determined that this appeal is wholly frivolous and unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the trial court's judgment.

BACKGROUND

We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Therefore, we "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On April 17, 2021, Amelia County Sheriff's Investigator Dunford was driving on Highway 360 at approximately sixty miles per hour. Investigator Dunford noticed a gray vehicle in his rear-view mirror approaching at a fast rate of speed and then passing him in the right lane. Without indicating, the vehicle merged into the left lane in front of Investigator Dunford, causing him to "slam on [his] brakes" to avoid a collision. Investigator Dunford initiated his vehicle's lights, at which point the other vehicle merged into the right lane and accelerated. Investigator Dunford initiated his siren and pursued the vehicle. Investigator Dunford drove ninety to one-hundred miles per hour to keep pace with the vehicle.

The gray vehicle swerved through traffic, and as it approached Amelia Avenue, it decelerated. Investigator Dunford saw the car's brake lights illuminated. A pickup truck was stopped on Amelia Avenue at its intersection with Highway 360. As the gray vehicle attempted to turn left on Amelia Avenue, it lost control and collided with the pickup truck.

As Investigator Dunford approached the vehicle, Latta stated that he "was not going to take him to the ground." Investigator Dunford removed Latta from the vehicle and saw a firearm on his right thigh. Investigator Dunford took Latta to the ground, secured the weapon, and arrested Latta. Investigator Dunford advised him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). Subsequently, Latta claimed that he was not running from the police and that his brakes had stopped working. Investigator Dunford asked why Latta accelerated, and Latta responded that his throttle was also stuck. Latta told Investigator Dunford that he tried to use his parking brake to bring the vehicle to a stop.

Investigator Dunford examined Latta's vehicle and observed that "the engine was not revved up to indicate that the throttle was hung, nor was the emergency brake pushed in to indicate that it had been pushed in at the time to get him to stop. It was still in the disengaged position."

At trial, during his cross-examination, Investigator Dunford stated that, although he was driving an unmarked police car, it was obvious that it was a police car: it was equipped with lights, antennas, tinted windows, and had a cage in the back. Before the pursuit began, Investigator Dunford was in the left lane and two vehicles were next to him in the right lane. If Latta was unable to stop his vehicle and if he did not merge in front of Investigator Dunford, he would have collided with another vehicle. The pursuit lasted for approximately two miles before Latta's vehicle collided with the pickup truck.

After the Commonwealth presented its evidence, Latta testified that he did not attempt to run from police on the day of the incident. Latta stated that about a mile before reaching Investigator Dunford's vehicle, he was travelling behind another vehicle when it stopped aggressively. Latta "hit [his] brakes and came to the side of him." When Latta accelerated, it "sent [his] car into a passing gear." Latta released the throttle, but "the motor did not back down. It just stayed in that." "[T]he RPMs did not move. They held where they were, shifted gears eventually,

- 3 -

and then started rising again." Latta panicked, pressed the brake, and believed he severed the brake line. He felt a stutter in the brake pedal, and the pedal dropped to the floor.

Latta observed Investigator Dunford's vehicle and recognized it as a police vehicle. The embankments on either side of the road were too steep for him to get off the road. Latta knew that there was a one-lane construction zone approaching. Latta intended to turn onto Amelia Avenue, engage his parking brake, and slide into the gravel at the intersection. When Latta engaged his parking brake, his wheels seized, and the vehicle began to slide. During the turn, the parking brake disengaged, and his wheels began turning again, causing him to collide with the truck.

On cross-examination, Latta admitted that he could have been terminated from his job if he was arrested for driving without a license. He stated that when he passed Investigator Dunford's vehicle, he did not indicate that he was in trouble because he was afraid to take his hands off the steering wheel at that speed. After Latta's vehicle collided with the pickup truck and came to a stop, his vehicle continued to idle.

During closing argument, Latta argued that the Commonwealth's evidence was insufficient to convict him because it did not prove that he had a willful or wanton intent to elude police. The trial court did not find Latta credible with respect to his testimony about the mechanical failure. The trial court convicted Latta of felony eluding and sentenced him to three years' incarceration with two years suspended. Latta appeals.

## ANALYSIS

Latta argues that the evidence was insufficient to show he acted in a willful manner when he did not stop for Investigator Dunford. He asserts that "any rational trier of fact would have believed [Latta's] version of the motor vehicle issues based on how clearly visible the cop vehicle was." Therefore, he reasons, the "actions of disregarding the signal were not willful and wanton and therefore not in violation of [Code § 46.2-817]."

- 4 -

"Any person who, having received a visible or audible signal from any law-enforcement officer to bring his motor vehicle to a stop, drives such motor vehicle in a willful and wanton disregard of such signal so as to . . . endanger a person" is guilty of felony eluding. Code § 46.2-817(B). "On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). The Court "does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Cady*, 300 Va. at 329 (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). Instead, we ask "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Eberhardt v. Commonwealth*, 74 Va. App. 23, 31 (2021) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"Circumstantial evidence is as acceptable to prove guilt as direct evidence, and in some cases, such as proof of intent or knowledge, it is practically the only method of proof." *Abdo v. Commonwealth*, 64 Va. App. 468, 475-76 (2015) (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)). "Circumstantial evidence is not 'viewed in isolation' because the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable [fact finder]' to conclude beyond a reasonable doubt that a defendant is guilty." *Rams v. Commonwealth*, 70 Va. App. 12, 27 (2019) (alteration in original) (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)).

The evidence presented to the trial court proved that Latta drove his vehicle with willful and wanton disregard. After Investigator Dunford activated his vehicle's lights Latta accelerated and

sped away far in excess of the posted speed limit. During the entire incident, Latta did nothing to indicate that he lost control of his vehicle such as waving, honking his horn, or activating his hazard lights. Latta also took no action to bring the vehicle to a stop in the nearly two-mile pursuit, such as engaging his parking brake, shifting to a lower gear, or turning his vehicle off. Additionally, when Latta approached Amelia Avenue and attempted to turn left, he applied his brakes and decelerated, indicating that the brakes were operable. Investigator Dunford drove up to one-hundred miles per hour to keep pace with Latta, suggesting that Latta was driving about that speed as he weaved through traffic. The pursuit only ended when Latta collided with another vehicle.

In addition, Latta was driving with a revoked license and acknowledged that he would be terminated from his employment if arrested. When Investigator Dunford ultimately reached Latta, Latta said that he "was not going to take him to the ground." Thus, Latta demonstrated a motive for eluding Investigator Dunford. Therefore, based on the evidence provided, a reasonable fact finder could find that Latta drove his vehicle with willful and wanton disregard in attempting to elude Investigator Dunford.

"Determining the credibility of witnesses . . . is within the exclusive province of the [fact finder], which has the unique opportunity to observe the demeanor of the witnesses as they testify." *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (first alteration in original) (quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)). "[T]he conclusions of the fact finder on issues of witness credibility may be disturbed on appeal only when [the appellate court concludes] that the witness' testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" *Ragsdale v. Commonwealth*, 38 Va. App. 421, 429 (2002) (quoting *Ashby v. Commonwealth*, 33 Va. App. 540, 548 (2000)). "Evidence is not 'incredible' unless it is 'so manifestly false that reasonable men ought not to believe it' or 'shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Gerald v.*

*Commonwealth*, 295 Va. 469, 487 (2018) (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)).  In weighing credibility, the fact finder may "believe or disbelieve, in part or in whole, the testimony of any witness." *Bazemore v. Commonwealth*, 42 Va. App. 203, 213 (2004) (*en banc*).

The fact finder was not required to believe Latta's testimony, nor was the Commonwealth's evidence so contrary to human experience to render it unworthy of belief.  Latta's account included a series of mechanical failures, which appeared to resolve once the vehicle came to a stop.  After Latta's vehicle collided with the pickup truck, its engine was not revving, and its parking brake was not engaged.  "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Speller v. Commonwealth*, 69 Va. App. 378, 388 (2018).  Indeed, the fact finder "was at liberty to . . . treat such prevarications as 'affirmative evidence of guilt.'" *Sierra v. Commonwealth*, 59 Va. App. 770, 784 (2012) (quoting *Armstead v. Commonwealth*, 56 Va. App. 569, 581 (2010)).  Therefore, the fact finder had an adequate basis for finding Latta's account of the events incredible.

## CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw.  *See Anders*, 386 U.S. at 744.  This Court's records shall reflect that Roy Lawrence Latta, III is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed.*