COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Bumgardner and Kelsey
Argued at Alexandria, Virginia


JOHN DAVID McBRIDE
                                                            OPINION BY
v.        Record No. 0840-03-4                    JUDGE JAMES W. BENTON, JR.
                                                         DECEMBER 7, 2004
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                            Stanley P. Klein, Judge

            Richard E. Gardiner for appellant.

            John H. McLees, Jr., Senior Assistant Attorney General (Jerry W.
            Kilgore, Attorney General; Susan L. Parrish, Assistant Attorney
            General, on brief), for appellee.


        John David McBride appeals from two jury verdicts convicting him of carnal knowledge

of a child by sexual intercourse in violation of Code § 18.2-63 and of carnal knowledge of a

child by fellatio in violation of Code § 18.2-63.[1]  McBride contends the trial judge committed

reversible error by omitting an element of the offense when instructing the jury.  For the reasons

that follow, we affirm both convictions and remand solely for the purposes of correcting a

clerical error in one of the conviction orders.

                                            I.

        At trial, a teenage girl testified that she performed fellatio and had sexual intercourse with

McBride when she was between the ages of thirteen and fifteen years old.  On direct

examination, she testified that when McBride was having sexual intercourse with her he told her

_____
        [1] The final conviction order for the offense of carnal knowledge by sexual intercourse
improperly references it as a conviction under Code § 18.2-370.

"to relax because [she] kept on tensing up to stop him from entering all the way in." She further testified that when McBride explained the act of fellatio to her, "he asked [her] to do it, and [she] said yes."

At the close of evidence, McBride's trial attorney and the prosecutor tendered jury instructions. McBride's attorney offered jury instructions K and M, which the trial judge accepted. In pertinent part, Instruction K told the jury that the Commonwealth must prove, and the jury must find, beyond a reasonable doubt "(1) that Mr. McBride had fellatio with [the child]; and (2) that at the time of such act, [the child] had not yet reached fifteen (15) years of age." Similarly, Instruction M told the jury that the Commonwealth must prove, and the jury must find, beyond a reasonable doubt "(1) that Mr. McBride had sexual intercourse with [the child]; and (2) that at the time of such act, [the child] had not yet reached fifteen (15) years of age."

Applying these instructions, the jury convicted McBride of having carnal knowledge with the child by sexual intercourse and of having carnal knowledge with the child by fellatio.

II.

Pertinent to the issues raised on this appeal, Code § 18.2-63 provides as follows:

> If any person carnally knows, without the use of force, a child thirteen years of age or older but under fifteen years of age, such person shall be guilty of a Class 4 felony.
>
>      *       *       *       *       *       *       *
>
> For the purposes of this section . . . "carnal knowledge" includes the acts of sexual intercourse, cunnilingus, fellatio, anallingus, anal intercourse, and animate and inanimate object sexual penetration.

McBride contends that "without the use of force" is an element of the offense of carnal knowledge of a child under this statute. Thus, he argues that, under Jimenez v. Commonwealth, 241 Va. 244, 402 S.E.2d 678 (1991), the trial judge's failure to include the phrase "without the use of force" as an element of the offense in the jury instructions constitutes reversible error.

The Commonwealth responds that McBride is barred from presenting these issues on appeal by Rule 5A:18 and by the "invited error" doctrine. See Powell v. Commonwealth, 267 Va. 107, 144, 590 S.E.2d 537, 560 (2004). We believe that the invited error doctrine precludes our review of this issue.

The principle is long standing in Virginia that an appellate court will not "notice error which has been invited by the party seeking to take advantage thereof on appeal." Saunders v. Commonwealth, 211 Va. 399, 400, 177 S.E.2d 637, 638 (1970). See also Hundley v. Commonwealth, 193 Va. 449, 454, 69 S.E.2d 336, 339 (1952); Shifflett v. Commonwealth, 143 Va. 609, 619, 130 S.E. 777, 780 (1925) (Burks, J., dissenting but citing Levy & Co. v. Davis, 115 Va. 814, 820, 80 S.E. 791, 793 (1914), as authority for the proposition that "a party cannot complain of error which he has invited"). Stated differently, "even if we were to assume that the court's ruling was technically erroneous, . . . [the appellant] is barred from invoking it on appeal. No litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate -- to invite error, as the defense admittedly did here, and then to take advantage of the situation created by his own wrong." Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988).

Notably, the instructions McBride's trial attorney tendered to the judge omitted the statutory language, "without the use of force." Although the record does not expressly indicate why McBride's trial attorney did not urge, as McBride's appellate attorney now does, that the instructions should have included the language, "without the use of force," the record does establish that this was not an issue that was important to his defense at trial. Neither McBride nor the Commonwealth argued to the jury either that force or the absence of force was an issue. The prosecutor focused on the child's credibility and her age. McBride's attorney argued that the child fabricated the events, that McBride's testimony denying the events occurred was more

credible, and that the evidence left a reasonable doubt as to when the events may have occurred. None of the closing arguments remotely raised any issue concerning force.

If the tendering of the instructions was a "strategic choice" designed to complement McBride's defense, then McBride obviously may not now benefit from that decision. Powell, 267 Va. at 144, 590 S.E.2d at 560. Although it would be reasonable to conclude from this record and the closing arguments of McBride's trial attorney either that the issue of the absence of force was immaterial to his defense or that he made a strategic decision not to emphasize the issue of force *vel non*, we now will "not speculate as to the motive." Sullivan v. Commonwealth, 157 Va. 867, 878, 161 S.E. 297, 300 (1931). See also Moore v. Hinkle, 259 Va. 479, 491, 527 S.E.2d 419, 426 (2000) (holding that "[r]egardless of his motivation for so doing, under the 'invited error' doctrine [an appellant] may not benefit from his voluntary choice").

At no time did the trial judge suggest deleting the language that McBride now argues should have been added, and at no time did McBride's attorney object to the instructions, although he had ample time to do so. By tendering the instructions, McBride invited the judge to give the instructions to the jury, the act he now asserts to be error. McBride argues that Jimenez, nonetheless, provides the basis for this matter to be reviewed on appeal. We disagree.

The Supreme Court recognized in Jimenez that its earlier decisions hold "that, when a principle of law is vital to a defendant in a criminal case, a trial court has an affirmative duty properly to instruct a jury about the matter." 241 Va. at 250, 402 S.E.2d at 681. Applying the exception to Rule 5A:18 ("for good cause shown or . . . to attain the ends of justice") to the facts in Jimenez, the Court held that the omission "of a material element of the offense . . . in the jury instruction, as well as the failure to produce evidence thereof, constitutes reversible error." Id. at 251, 402 S.E.2d at 681.

As we have indicated, however, neither the prosecutor nor McBride's attorney argued to the jury that the evidence proved force existed. The evidence also did not raise the specter of actual force being used to accomplish the act of intercourse. The child's testimony that McBride told her "to relax" does not prove he used actual force beyond that necessary to accomplish the act of penetration, which is the act that is forbidden. See Johnson v. Commonwealth, 5 Va. App. 529, 534, 365 S.E.2d 237, 240 (1988) (holding that a requirement of "force" means proof of "force" beyond that which is necessary to accomplish the forbidden act). The child expressly testified that McBride did not use actual force in asking her to perform fellatio. Lastly, nothing in the instructions told the jury that force was an element of the offense. Thus, the jury had no occasion to consider that it was necessary to find that McBride used force in committing either act.

We do not disagree with McBride's central premise that carnal knowledge is defined separately from the crime of rape. By statute, an adult having sexual intercourse with a child thirteen years of age or older but under fifteen years of age either commits rape, if the act is accomplished by force, see Code § 18.2-61, or commits carnal knowledge, if the act is committed without the use of force, see Code § 18.2-63. Although carnal knowledge applies only to a narrowly defined group of children, who are "thirteen years of age or older but under fifteen years of age," Code § 18.2-63, we also have held that carnal knowledge is not a lesser-included offense of rape. Ragsdale v. Commonwealth, 38 Va. App. 421, 427-28, 565 S.E.2d 331, 335 (2002). In addition, the penalty for carnal knowledge is less severe than the penalty for rape. Compare Code § 18.2-61 with Code §§ 18.2-63 and 18.2-10. Thus, in several aspects, the rape and carnal knowledge statutes proscribe different offenses.

The legislature's use of the term "carnally know, without force" is a recognition of a long standing, fundamental tenet of Virginia's law that a minor child under the age of fifteen is incapable of consenting.

> [I]n Virginia the age of consent is fifteen years. Under that age
> [the child] cannot legally consent to the act, and constructive force
> is present, even though she does in fact consent.

Buzzard v. Commonwealth, 134 Va. 641, 651, 114 S.E. 664, 666-67 (1922). In this case, the record does not establish that the question of force or lack of force was an issue, and, therefore, it could not have been vital to McBride's defense.

Somewhat analogous to this case, we were faced with a circumstance in Batts v. Commonwealth, 30 Va. App. 1, 515 S.E.2d 307 (1999), involving an attorney's acquiescence to a jury instruction, and we discussed whether the Jimenez decision or the "invited error" doctrine was dispositive. There, with the affirmative consent of the defendant's attorney, a judge improperly instructed a jury that it could sentence the defendant beyond the statutory maximum. Batts, 30 Va. App. at 10, 515 S.E.2d at 312. We declined to apply the invited error doctrine, reasoning as follows:

> Trial counsel agreed to the proposed jury instruction and, thus,
> became a party to the error he now complains of on appeal.
> However, his agreement cannot confer the power to impose a
> sentence greater than that established by the legislature. The
> penalty exceeded that authorized by statute and, therefore, we hold
> that the jury was improperly instructed.

Id. at 11, 515 S.E.2d at 312. We further noted, however, that "[o]ur decision to vacate appellant's five-year sentence [was] based solely upon the lack of authority of a jury to sentence a defendant to a period greater than that statutorily mandated." Id. at 12 n.5, 515 S.E.2d at 313 n.5. In short, the jury rendered an unlawful sentence that was "void for the excess only." Royster v. Smith, 195 Va. 228, 235, 77 S.E.2d 855, 858 (1953). We noticed the instruction error

and remanded to the trial judge to correct the sentencing order because the excess sentence was "void." Batts, 30 Va. App. at 16-17, 515 S.E.2d at 315.

Unlike Batts, this case presents no issue of a void sentencing order. Unlike in Jimenez, this case presents no issue of a failure to instruct the jury on an issue that was vital to McBride's defense. McBride's trial attorney proffered a jury instruction that was consistent with his defense, and the trial judge accepted the invitation to so instruct the jury. In convicting McBride, the jury had no occasion to find that he used actual force. We hold, therefore, that McBride "may not benefit from . . . 'the situation created by his own wrong.'" Powell, 267 Va. at 144, 590 S.E.2d at 560.

Accordingly, we affirm the convictions and remand to the trial judge to correct the code reference in the sentencing order for the conviction of carnal knowledge by sexual intercourse.

Affirmed.