COURT OF APPEALS OF VIRGINIA

Present:   Judges Bumgardner, Frank and Humphreys
Argued at Salem, Virginia


STANLEY DION TATE

                                       MEMORANDUM OPINION[*] BY
   v.  Record No. 2956-04-3               JUDGE ROBERT J. HUMPHREYS
                                        DECEMBER 20, 2005

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
William N. Alexander, II, Judge

Andrea C. Long (Boone, Beale, Cosby & Long, on brief), for
appellant.

John H. McLees, Senior Assistant Attorney General (Judith Williams
Jagdmann, Attorney General; Alice T. Armstrong, Assistant
Attorney General, on brief), for appellee.


Stanley Dion Tate ("Tate") appeals his conviction, following a jury trial, for voluntary

manslaughter.  On appeal, Tate argues that the evidence was insufficient to sustain his

conviction.  More specifically, Tate contends that the killing was not the result of an intentional

act, but was a justifiable killing for which he should be acquitted.  However, because defense

counsel took a contrary position before the trial court, we hold that Tate is procedurally barred

from arguing that the evidence was insufficient to support his conviction for voluntary

manslaughter.  Accordingly, we affirm the judgment below.

Tate was indicted for murder and use of a firearm in the commission of murder and tried

before a jury.  Following the Commonwealth's case in chief, and again at the conclusion of all

the evidence, Tate's counsel moved to strike the evidence, arguing that "there is no evidence

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover, as this opinion has no precedential value, we recite only those facts necessary to our holding.

whatsoever of any malice . . . [therefore] [t]he best that we would have is either a voluntary or involuntary manslaughter." Consistent with this legal position, Tate asked that the jury be instructed on the lesser-included offenses of voluntary and involuntary manslaughter. The trial court instructed the jury on second-degree murder, voluntary manslaughter, and involuntary manslaughter. The jury then convicted Tate of voluntary manslaughter. On appeal, Tate now contends the evidence was insufficient to support a conviction of voluntary manslaughter.

"The principle is long standing in Virginia that an appellate court will not 'notice error which has been invited by the party seeking to take advantage thereof on appeal.'" McBride v. Commonwealth, 44 Va. App. 526, 529-30, 605 S.E.2d 773, 774 (2004) (quoting Saunders v. Commonwealth, 211 Va. 399, 400, 177 S.E.2d 637, 638 (1970)). In other words,

> even if we were to assume that the court's ruling was technically erroneous, . . . [the appellant] is barred from invoking it on appeal. No litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate—to invite error . . . and then to take advantage of the situation created by his own wrong.

Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988).

In this case, counsel for Tate moved to strike the evidence as to the murder charge, suggesting that the evidence instead supported two alternative charges, voluntary or involuntary manslaughter. And, during oral argument before this Court, Tate's counsel conceded that she proffered the jury instruction for voluntary manslaughter.[1] By offering the instruction for voluntary manslaughter, Tate's counsel "invited the judge to give the instructions to the jury, the act [s]he now asserts to be error." McBride, 44 Va. App. at 530-31, 605 S.E.2d at 775. Clearly,

---

[1] Specifically, when asked whether she objected to the jury instruction for the lesser-included offense of involuntary manslaughter, defense counsel responded, "Of course I did not. I . . . offered the instruction as a [trial] strategy." Defense counsel further asserted that she "felt like [she] had no choice but to offer *all* of the lesser[-included offenses]." It is evident from this concession that defense counsel offered the jury instruction for voluntary, as well as involuntary, manslaughter.

Tate, "having [asked for and] agreed upon the action taken by the trial court should not be allowed to assume an inconsistent position." Clark v. Commonwealth, 220 Va. 201, 214, 257 S.E.2d 784, 792 (1979).  Thus, we affirm his conviction for voluntary manslaughter.

Affirmed.