COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Petty and Senior Judge Bumgardner
Argued at Richmond, Virginia


JEROME ANTONIO TALLEY

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0647-05-2              JUDGE RUDOLPH BUMGARDNER, III
                                                           JULY 11, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Timothy J. Hauler, Judge

Aubrey M. Davis, Jr. (Gordon, Dodson, Gordon & Rowlett, on
brief), for appellant.

Alice T. Armstrong, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


The trial court convicted Jerome Antonio Talley of unlawful wounding upon indictments

charging attempted murder.  The defendant maintains unlawful wounding is not a lesser-included

offense of attempted murder and the trial court allowed amendment of the indictments after it

pronounced the defendant not guilty of attempted murder.  We affirm the convictions.

The grand jury indicted the defendant on two counts of attempted murder, Code §§ 18.2-26

and 18.2-32, and two counts of the use of a firearm in the commission of attempted murder, Code

§ 18.2-53.1.  At the conclusion of a bench trial, the trial court found the defendant not guilty of

attempted murder but guilty of two counts of malicious wounding and of two counts of use of a

firearm in the commission of a felony.

The defendant questioned whether malicious wounding was a lesser-included offense of

attempted murder and noted that the Commonwealth had not amended the indictments prior to the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

court's findings. The defendant then "ask[ed] the Court to withdraw its findings" and allow him time to research the matter. The trial court agreed, withdrew its "entry of findings," and ordered a presentence report. It summarized its rulings, "The Court vacates all its findings at this time and withholds entry of findings, so there are no findings that are entered."

At a subsequent hearing, the Commonwealth renewed its argument that the evidence proved attempted murder, but alternatively it moved to amend the indictments to charge malicious wounding. The Commonwealth represented that unlawful wounding was a lesser-included offense of attempted murder and asked the trial court to convict of unlawful wounding if it ruled against the Commonwealth on its first two positions.

The defendant replied that the trial court had found him not guilty of attempted murder, and then had improperly found him guilty of malicious wounding, which is not a lesser-included offense. The defendant continued, "Now the alternative the Court has is . . . if the Court believes that unlawful wounding is a lesser included offense . . . the Court may be able to find him guilty of unlawful wounding." The defendant argued that the Commonwealth could not amend the indictments because the court had already made a finding of not guilty of the attempted murder charges. He concluded, "[I]f the Court believes they can make a finding of unlawful wounding, then we'll deal with that later."

The trial court ruled that the evidence was insufficient to prove attempted murder and denied the Commonwealth's motion to amend the indictments to malicious wounding. It found the defendant guilty of two counts of unlawful wounding and not guilty of the firearms charges. The Commonwealth objected to the finding, but the defendant voiced no objection. The trial court ordered victim impact statements and called the next case. The defendant stated, "Judge, could I – before you start on that case. So to protect all – everything in the case the Commonwealth does, in fact, appeal, note my exceptions to the Court's rulings in this case."

"[A]n appellate court will not 'notice error which has been invited by the party seeking to take advantage thereof on appeal.'" McBride v. Commonwealth, 44 Va. App. 526, 529, 605 S.E.2d 773, 774 (2004) (quoting Saunders v. Commonwealth, 211 Va. 399, 400, 177 S.E.2d 637, 638 (1970)). The trial court must be alerted to the precise issue to which a party objects. See Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992). Merely noting an exception to the trial court's rulings did not preserve the issue for appeal.

We reject the defendant's assertions of error because he invited any error that occurred and raised no objection at trial to the trial court's decisions. The defendant suggested to the trial court that finding the defendant guilty of unlawful wounding was one of its alternatives. After offering that suggestion, the defendant stated that if the court finds him guilty of unlawful wounding, "we'll deal with that later." The defendant never raised the claim "later" during the trial. While the defendant contends that the trial court erred by amending the indictments after finding him not guilty of attempted murder, the record shows that the court denied the Commonwealth's motion to amend the indictments to malicious wounding. It also shows the defendant never claimed at trial that the indictments had been amended.

Though the Commonwealth concedes on appeal that unlawful wounding is not a lesser-included offense of attempted murder, the defendant invited the error and is barred from contesting it on appeal. Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988). Accordingly, we affirm the convictions.

Affirmed.