COURT OF APPEALS OF VIRGINIA

Present:   Judges Chaney, White and Senior Judge Annunziata
Argued at Fairfax, Virginia

ROBEL ABEBE GETACHEW

                                          MEMORANDUM OPINION[*] BY
v.        Record No. 0341-23-4          JUDGE KIMBERLEY SLAYTON WHITE
                                                 JUNE 11, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Lisa B. Kemler, Judge

Stephen D. Hall (Joseph D. King; King, Campbell, Poretz &
Mitchell, PLLC, on briefs), for appellant.

Collin Chayce Crookenden, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


A jury convicted Robel Abebe Getachew of driving under the influence of alcohol with a

blood alcohol concentration (BAC) between 0.15 and 0.20, in violation of Code §§ 18.2-266(ii) and

18.2-270(A)(i).  On appeal, Getachew contends that the trial court erred by (1) admitting a

certificate of analysis reflecting that his BAC was about 0.192% by weight by volume; (2) allowing

a witness to testify regarding the contents of a search warrant; and (3) instructing the jury on certain

permissive inferences arising from his BAC test results.  For the following reasons, we affirm the

trial court's judgment.

                                      BACKGROUND

On appeal, we review the evidence "in the 'light most favorable' to the Commonwealth,

the prevailing party in the trial court."  *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).  Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

In the early morning on November 6, 2020, Alexandria Police Officer Kellie Medeiros saw a BMW with two flat tires driving in the wrong direction on a one-way street.  She followed it to a gas station parking lot and parked behind it.  Getachew, the BMW's driver and sole occupant, got out of his vehicle and spoke to the officer.  Getachew smelled of alcohol, his eyes were "bloodshot and watery," his "speech was slurred," and he appeared "unstable on his feet." He admitted that he had consumed "a few mixed drinks," "two beers[,] and a scotch" before driving.

After Getachew failed three standardized field sobriety tests, Medeiros arrested him for driving under the influence of alcohol and transported him to the jail to conduct a breath test to determine Getachew's BAC.  Due to "restrictions on COVID" at the jail, however, Medeiros was unable to conduct a breath test, so she directed another officer to transport Getachew to a hospital while she obtained a search warrant "for . . . Getachew's blood."

Soon thereafter, Medeiros arrived at the hospital where Getachew was waiting and executed the search warrant.  Medeiros unsealed a  "DUI [blood draw] kit" issued by the Department of Forensic Science (DFS) and gave it to Christina Devine, a registered nurse authorized by the Circuit Court for the City of Alexandria to withdraw blood to determine its BAC.[1]

---

[1] At trial, the Commonwealth introduced a certified copy of an order of the Circuit Court of the City of Alexandria designating Devine "as qualified and authorized for the purposes of VA Code, Title 18.2, Chapter 7, Article 2, § 18.2-266 *et. seq.* to withdraw blood for the purpose of determining its alcohol or drug or both alcohol and drug content," consistent with the recommendation of a licensed physician under Code § 18.2-268.5.

Devine cleaned Getachew's right arm with "soap and water," placed a tourniquet on his arm, and attempted to withdraw Getachew's blood using a "needle" that she removed from a "sealed envelope" inside the DUI kit. Unable to withdraw blood from Getachew's right arm because he moved it during the procedure, Devine opened another sealed, DFS-issued DUI kit, removed another needle from a sealed envelope inside the kit, and used the needle to withdraw two samples of whole blood from Getachew's left arm after cleaning his arm with soap and water. She collected each blood sample in separate vials obtained from the DUI kit. Devine also completed the two certificate of blood withdrawal forms from the DUI kit and attached one form to each vial after sealing them. The blood withdrawal certificates were identical and stated that Devine withdrew Getachew's blood on "11/6/2020" at "0427" hours, accompanied by Officer Medeiros in Alexandria, Virginia. Each withdrawal certificate also stated, "I certify that the blood in the vial to which this Certificate is attached was withdrawn from the above-named accused. I am qualified pursuant to § 18.2-268.5 to withdraw blood & the blood was taken in compliance with § 18.2-268.5." Devine placed the vials inside the DUI kit, sealed it, and returned it to Medeiros.

After transporting Getachew to the jail, Medeiros placed the DUI kit containing the blood samples "in a pre-addressed envelope" and mailed it to a DFS laboratory for analysis. Dr. Kevin Schneider, a DFS forensic toxicologist, later received the kit in the mail and analyzed the contents of one of the vials. Schneider produced a certificate of analysis in which he opined that Getachew's BAC was "0.192 ± 0.011% by weight by volume." Schneider removed the certificate of blood withdrawal from the vial containing the blood sample he tested and attached it to his certificate of analysis.

Carrol Nanco, a private expert in BAC analysis, analyzed the contents of the other blood sample at Getachew's request and opined that Getachew's blood alcohol concentration was "0.16%

by weight by volume." She removed Devine's blood withdrawal certificate from the vial containing the blood sample she tested and attached it to a certificate of analysis reflecting her test results.

The general district court convicted Getachew of driving under the influence of alcohol with a BAC between 0.15 and 0.20, in violation of Code §§ 18.2-266(ii) and 18.2-270(A)(i), and Getachew appealed his conviction to the circuit court. Before trial, the Commonwealth filed notice of its intent to introduce Schneider's certificate of analysis "in lieu of [his] testimony" under Code §§ 19.2-187 and 19.2-187.1. Getachew filed a timely objection, consistent with Code § 19.2-187.1(B).

At trial, Devine did not testify. Rather, Medeiros recounted her investigation and Schneider testified regarding his analysis of Getachew's blood sample. When the Commonwealth sought to elicit that Medeiros had obtained a search warrant authorizing the withdrawal of Getachew's blood to determine his BAC, Getachew objected on best evidence grounds. Getachew acknowledged that he was not challenging the existence or validity of the search warrant, but rather that the Commonwealth was required to produce the warrant itself to prove its contents. He emphasized that whether the search warrant specifically authorized the withdrawal of his blood to determine his BAC was a material fact in dispute because it was an evidentiary requirement under Code § 18.2-269(A)(ii) for triggering the "rebuttable presumptions" under Code § 18.2-269(A)(1)-(4) regarding whether he was under the influence of alcohol at the time of the alleged offense.

The trial court held that the contents of the search warrant were not material because the Commonwealth was not required to prove as an "element of the offense" that the search warrant specifically authorized the withdrawal of Getachew's blood. Accordingly, the trial court held that the best evidence rule did not apply. Medeiros then testified that she obtained a search warrant "for . . . Getachew's blood." She also confirmed that she watched Devine withdraw Getachew's blood at the hospital and recounted the steps she followed.

- 4 -

Dr. Schneider confirmed that he had tested the contents of one of Getachew's blood samples and prepared a certificate of analysis documenting the results of his analysis. He verified that the seal of the vial containing the sample he tested was "intact" and there was no indication of "tampering or breakage." He also confirmed that he removed the certificate of blood withdrawal from the vial containing the blood sample he tested and attached it to his certificate of analysis.

When the Commonwealth moved to introduce Schneider's certificate of analysis, to which Devine's blood withdrawal certificate was attached, Getachew objected on constitutional and statutory grounds. First, he argued that Devine's blood withdrawal certificate contained testimonial hearsay under the Confrontation Clause that was inadmissible because the Commonwealth had not established Devine's unavailability or his prior opportunity to cross-examine her. Second, Getachew argued that Code § 19.2-268.7(C) makes the certificate of analysis inadmissible unless the attached blood withdrawal certificate is admissible and the defendant has not objected to the certificate of analysis under Code § 19.2-187.1(B). Thus, Getachew argued that because he previously objected to Schneider's certificate of analysis under Code § 19.2-187(B), it was inadmissible without Devine's testimony authenticating the attached withdrawal certificate. Finally, Getachew argued that without Devine's testimony, the Commonwealth failed to prove that she complied with Code § 18.2-268.5, governing the procedure for conducting blood withdrawals, because there was no evidence that she had properly cleansed Getachew's arm before withdrawing his blood. The trial court overruled Getachew's objections and admitted the certificate of analysis.

Dr. Schneider then opined that Getachew's BAC was "0.192 ± 0.011% by weight by volume." He further opined that a BAC at that level would probably cause someone to experience impaired vision, judgment, and motor function, although "the specific severity of each of those side effects can vary from person to person." Schneider acknowledged that the BAC reported in the certificate of analysis did not necessarily reflect Getachew's BAC at the time of driving, which may

have been "higher" or "lower" depending on when Getachew last consumed alcohol and his metabolic rate.

During his case-in-chief, Getachew called Ms. Nanco who testified that she received the blood sample of Getachew for testing in her VCU forensics lab. She stated that the tube containing the sample was "labeled correctly" and indicated how the blood was drawn, when it was drawn, from whom it was drawn, and bore the officer's name and the name of the person who drew the blood. Further she stated that the original label was attached to certificate of analysis reporting the toxicology results. Getachew introduced Nanco's certificate of analysis reflecting that Getachew's BAC was "0.16% by weight by volume."

Before closing arguments, the Commonwealth proposed a jury instruction that provided,

> You have received evidence of the amount of alcohol in the blood of the defendant at the time that a chemical test was administered. If at that time the amount was 0.08 or more, you are permitted, but not required, to infer that the defendant was under the influence of alcohol at the time of the alleged crime.

Relying on *Davis v. Commonwealth*, 8 Va. App. 291, 298 (1989), the Commonwealth proposed adding the following language to the instruction, "You are also permitted, but not required, to infer that the BAC measured by the chemical test was the defendant's BAC at the time of the alleged crime." Getachew objected to the additional language, arguing that it did not apply because the Commonwealth failed to establish that Devine complied with Code § 18.2-268.5, which Getachew asserted was necessary to satisfy Code § 18.2-269(A)(ii) and, thus, trigger "that presumption" under Code § 18.2-269(A)(3). The court held that, under *Davis*, the jury could infer that the BAC reflected in the certificates of analysis reflected Getachew's BAC at the time of driving. Accordingly, the court amended the instruction to include the additional language and read it to the jury as Jury Instruction 5.

Following closing arguments, the jury convicted Getachew of driving under the influence of alcohol with a BAC between 0.15 and 0.20, in violation of Code §§ 18.2-266(ii) and 18.2-270(A)(i). Getachew moved to set aside the jury's verdict, arguing that the evidence was insufficient to prove his "elevated BAC" without Schneider's certificate of analysis and the challenged portion of Jury Instruction 5 permitting the jury to infer that the certificates of analysis reflected Getachew's BAC at the time of driving. Getachew reiterated his statutory and constitutional arguments that Schneider's certificate of analysis was inadmissible without Devine's testimony authenticating the attached certificate of blood withdrawal. In addition, he argued that Code § 18.2-268.11—providing that "substantial compliance" with the implied consent provisions specified in Code §§ 18.2-268.2 through 18.2-268.9 is "sufficient"—does not apply in cases where a defendant's blood is withdrawn under a search warrant, rather than under the implied consent law. Getachew argued, therefore, that Schneider's certificate of analysis was inadmissible because the Commonwealth did not prove that Devine *strictly* complied with Code § 18.2-268.5, as there was no evidence that she properly cleansed his arm or used a sterilized disposable needle to withdraw his blood.

Similarly, Getachew argued that the challenged language in Jury Instruction 5 was inapplicable because the rebuttable presumption under Code § 18.2-269(A)(3) did not apply in this case unless the Commonwealth satisfied Code § 18.2-269(A)(ii), which he asserted required proof of "strict compliance"—rather than "substantial compliance"—with the blood withdrawal procedures specified in Code §§ 18.2-268.5 through 18.2-268.7.[2] He thus argued that because the Commonwealth relied on Officer Medeiros's testimony to prove Devine's substantial compliance with Code § 18.2-268.5 to admit Schneider's certificate of analysis, the Commonwealth did not

---

[2] Getachew conceded that Code § 18.2-269(A)(3) permits an inference in certain circumstances that a defendant's BAC at the time of driving matched the BAC reported in a subsequent breath test.

satisfy Code § 18.2-269(A)(ii) and the rebuttable presumption under Code § 18.2-269(A)(3) did not apply.

The trial court held that Devine's certificate of blood withdrawal attached to Schneider's certificate of analysis was "not testimonial" and, thus, the Confrontation Clause did not require "the Commonwealth . . . to call the nurse as a witness to lay a foundation" to admit the certificate of analysis. The court further concluded that the notice-and-demand provisions under Code §§ 19.2-187 and 19.2-187.1 applied only to Schneider's "certificate of analysis" itself, and not the attached blood withdrawal certificate. Additionally, the court found that the Commonwealth did not rely on Devine's blood withdrawal certificate to admit Schneider's certificate of analysis at trial and that other evidence—including Officer Medeiros's testimony—established that Devine substantially complied with the blood withdrawal procedures specified in Code §§ 18.2-268.5 through 18.2-268.7. Accordingly, the court held that Schneider's certificate of analysis was admissible. Additionally, emphasizing that Code § 18.2-268.11 expressly references Code §§ 18.2-268.5 through 18.2-268.7, the trial court held that Code § 18.2-268.9(A)(ii) does not require strict compliance with Code §§ 18.2-268.5 through 18.2-268.7 and that substantial compliance with those provisions is sufficient to trigger the rebuttable presumptions under Code § 18.2-269(A). Thus, because the Commonwealth proved Devine substantially complied with Code § 18.2-268.5, the court concluded that the challenged language in Jury Instruction 5 was appropriate. Accordingly, the trial court denied Getachew's motion to set aside the jury's verdict.

On appeal, Getachew contends that the trial court abused its discretion by admitting Schneider's certificate of analysis, allowing Medeiros to testify regarding the contents of the search warrant, and instructing the jury on certain permissive inferences arising from his BAC test results.

ANALYSIS

I. Admissibility of Schneider's Certificate of Analysis

"The '"admissibility of evidence is within the discretion of the trial court,'" and an appellate court will not reject such decision absent an "'"abuse of discretion."'" *McBride v. Commonwealth*, 75 Va. App. 556, 569 (2022) (quoting *Williams v. Commonwealth*, 71 Va. App. 462, 487 (2020)). "The abuse of discretion standard draws a line—or rather, demarcates a region—between the unsupportable and the merely mistaken, between the legal error . . . that a reviewing court may always correct, and the simple disagreement that, on this standard, it may not." *Jefferson v. Commonwealth*, 298 Va. 1, 10-11 (2019) (quoting *Reyes v. Commonwealth*, 297 Va. 133, 139 (2019)). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely because it would have come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (alterations in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)). We review the trial court's legal conclusions and questions of statutory and constitutional interpretation de novo. *Walker v. Commonwealth*, 74 Va. App. 475, 506 (2022).

Getachew challenges the admissibility of Schneider's certificate of analysis on constitutional and statutory grounds. He asserts that admitting the certificate of analysis violated the Confrontation Clause because Devine's attached blood withdrawal certificate contained testimonial hearsay and the Commonwealth did not establish her unavailability or his prior opportunity to cross-examine her. Additionally, Getachew asserts that Code § 18.2-268.7(C) makes the certificate of analysis inadmissible unless the nurse's blood withdrawal certificate is attached and the accused does not object to the admission of the certificate of analysis under Code § 19.2-187.1(B). Thus, Getachew contends that because he previously objected to Schneider's certificate of analysis under

Code § 19.2-187(B), it was inadmissible without Devine's testimony authenticating the attached withdrawal certificate.

We do not address the merits of Getachew's arguments challenging the admissibility of the certificate of analysis because he waived them by introducing evidence of the same character addressing the same subject during his case-in-chief. Under the same-evidence principle, when a litigant "unsuccessfully objects to evidence that he considers improper and then introduces on his own behalf evidence of the same character, he waives his earlier objection to the admission of that evidence." *Isaac v. Commonwealth*, 58 Va. App. 255, 260 (2011) (quoting *Combs v. Norfolk & W. Ry.*, 256 Va. 490, 499 (1998)). "The waiver applies to criminal and civil cases and affects evidentiary objections based on constitutional as well as statutory and common law grounds." *Id.* at 260 (first citing *Hubbard v. Commonwealth*, 243 Va. 1, 9 (1992), and *Saunders v. Commonwealth*, 211 Va. 399, 401 (1970); and then citing *Bynum v. Commonwealth*, 28 Va. App. 451 (1998)). The waiver typically applies if "an objecting party . . . introduces in his case in chief exactly the same evidence he previously objected to." *Id.* at 263-64 (citing *New York Life Ins. Co. v. Taliaferro*, 95 Va. 522, 523 (1898); *Moore Lumber Corp. v. Walker & Williamson*, 110 Va. 775, 778 (1910); *Snarr v. Commonwealth*, 131 Va. 814, 818 (1921))). But "[t]he scope of the waiver . . . also includes evidence dealing 'with the same subject," *id.* at 264 (quoting *Pettus v. Gottfried*, 269 Va. 69, 79 (2005)), "evidence fairly considered to be 'of the same character,'" *id.* (quoting *Combs*, 256 Va. at 499), "as well as evidence 'similar to that to which the objection applies,'" *id.* (quoting *Snead v. Commonwealth*, 138 Va. 787, 802 (1924)).

"An exception to the same-evidence principle exists for evidence elicited 'during cross-examination of a witness or in rebuttal testimony.'" *Id.* at 261 (quoting *Zektaw v. Commonwealth*, 278 Va. 127, 134 (2009)). "The rebuttal exception, however, does not apply when

the defendant presents in his case in chief the same or similar evidence he previously objected to in order to explain it away or to offer a more favorable interpretation." *Id.* at 262.

Applying the above principles, we have held that a defendant waived his constitutional and statutory objections to a certificate of analysis reporting that his BAC was 0.16% where he subsequently introduced "during his case in chief . . . independent test results showing a 0.14% BAC." *Id. at* 259. We emphasized that both certificates addressed "the same topic"—the defendant's BAC—and were probative of whether he was under the influence of alcohol while driving. *Id.* at 264. Thus, the defendant waived his previous objection to the challenged certificate of analysis because he introduced evidence that "deal[t] with the same subject as, and [wa]s sufficiently similar to, the Commonwealth's 0.16% BAC certificate." *Id.*

Here, although Getachew objected on constitutional and statutory grounds when the Commonwealth sought to introduce Schneider's certificate of analysis reflecting his "0.192%" BAC, Getachew later introduced Nanco's certificate of analysis during his case-in-chief reflecting that his BAC was 0.16%. Moreover, each certificate had one of Devine's identical blood withdrawal certificates attached to it, reported the BAC of samples of Getachew's whole blood obtained during the same withdrawal procedure, and was probative of whether Getachew had been driving under the influence of alcohol. Thus, Getachew waived his previous constitutional and statutory objections to Schneider's certificate of analysis by introducing evidence that "deal[t] with the same subject as, and [wa]s sufficiently similar to, the Commonwealth's [0.192%] BAC certificate." *Isaac*, 58 Va. App. at 264.

II. Best Evidence Objection in Regard to the Search Warrant

Getachew argues that the trial court abused its discretion by permitting Medeiros to testify that she obtained a search warrant "for . . . Getachew's blood," instead of requiring the Commonwealth to produce the search warrant itself to prove that it specifically authorized the

withdrawal of Getachew's whole blood to determine his BAC. He argues that the contents of the search warrant were material because Code § 18.2-269(A)(ii) requires that BAC testing be "performed by [DFS] in accordance with the provisions of §§ 18.2-268.5 [through] 18.2-268.7 on the suspect's whole blood drawn pursuant to a search warrant" to trigger the rebuttable presumptions under Code § 18.2-267(A) regarding whether he was driving under the influence of alcohol at the time of the offense. Accordingly, he contends that Officer Medeiros's testimony concerning the contents of the search warrant was "barred by the best evidence rule."

"An appellate court reviews a decision to admit or exclude evidence where no federal constitutional issue was raised under the standard for non-constitutional harmless error provided in Code § 8.01-678." *Haas v. Commonwealth*, 299 Va. 465, 467 (2021). "Under that standard, the court 'determine[s] whether there has been a fair trial on the merits and whether substantial justice has been reached [by] decid[ing] whether the alleged error substantially influenced the jury. If it did not, the error is harmless." *Id.* (alterations in original) (quoting *Clay v. Commonwealth*, 262 Va. 253, 259 (2001)). "In making the relevant determinations, the court 'consider[s] the potential effect of the [admitted or] excluded evidence in light of all the evidence that was presented to the jury." *Id.* (first alteration in original) (quoting *Commonwealth v. Proffitt*, 292 Va. 626, 642 (2016)). "Among the circumstances in which harmless error occurs is when the improperly admitted evidence was 'merely cumulative of other, undisputed evidence." *Warnick v. Commonwealth*, 72 Va. App. 251, 272 (2020) (quoting *McLean v. Commonwealth*, 32 Va. App. 200, 211 (2000)).

In this case, the challenged testimony only affected the jury's concerns whether the rebuttable presumption under Code § 18.2-269(A)(3) applied.

> In any prosecution for a violation of . . . clause (ii), (iii), or (iv) of § 18.2-266 or any similar ordinance, the amount of alcohol or drugs in the blood of the accused at the time of the alleged offense as indicated by a chemical analysis of a sample of the accused's

blood or breath to determine the alcohol or drug content of his blood . . . performed by [DFS] in accordance with the provisions of §§ 18.2-268.5 [through] 18.2-268.7 on the suspect's whole blood drawn *pursuant to a search warrant* shall give rise[,]

Code § 18.2-269(A)(ii) (emphasis added), to "rebuttable presumptions," *id.*, specified in Code § 18.2-269(A)(1)-(4). "If there was at that time 0.08 percent or more by weight by volume of alcohol in the accused's blood or 0.08 grams or more per 210 liters of the accused's breath, it shall be presumed that the accused was under the influence of alcohol intoxicants at the time of the alleged offense." Code § 18.2-269(A)(3).

Assuming without deciding that the best evidence rule prohibited Medeiros from testifying regarding the contents of the search warrant, any error was harmless because the challenged testimony was cumulative of other evidence that permitted the trial court to conclude that Code § 18.2-269(A)(ii) and 18.2-269(A)(3) were satisfied.

At trial, Medeiros testified that after unsuccessfully attempting to subject Getachew to a breath test to determine his BAC, she directed another officer to transport Getachew to a hospital while she obtained a search warrant. When Medeiros later executed the search warrant at the hospital, she watched Devine withdraw two samples of Getachew's whole blood, an act the nurse could not lawfully perform in this case without a search warrant specifically authorizing the withdrawal of Getachew's blood to determine his BAC.[3] *Cf. Wolfe v. Commonwealth*, 67 Va. App. 97, 106 (2016) (holding that warrantless blood draws are permissible in certain circumstances "*under the implied consent*" law (emphasis added)). Medeiros then sent the blood samples to a DFS laboratory for testing to determine Getachew's BAC. That evidence overwhelmingly establishes that Getachew's "whole blood [was] drawn pursuant to a search

---

[3] Getachew does not challenge the validity of the search warrant, nor the scope of the warrant.

- 13 -

warrant," Code § 18.2-269(A)(ii), even without Medeiros's testimony detailing the warrant's contents.

Furthermore, the Commonwealth proved substantial compliance with the blood withdrawal procedures specified in Code §§ 18.2-268.5 through 18.2-268.7. Getachew contends that Code § 18.2-269(A)(ii) requires "strict" compliance with Code §§ 18.2-268.5 through 18.2-268.7 to trigger the statutory rebuttable presumptions. His argument is without merit, as Code § 18.2-268.11 expressly provides that "substantial compliance" with "Code §§ 18.2-268.2 *through* 18.2-268.9" is "sufficient."

Collectively, the evidence sufficiently demonstrated that Getachew's BAC testing was "performed by [DFS] in accordance with the provisions of §§ 18.2-268.5 [through] 18.2-268.7." Code § 18.2-269(A)(ii). First, Medeiros testified that she watched Devine, whom the circuit court had authorized to conduct legal blood draws under Code § 18.2-268.5, withdraw Getachew's blood. *See* Code § 18.2-268.5 (authorizing a "nurse designated by order of a circuit court acting upon the recommendation of a licensed physician" to withdraw a defendant's blood for BAC testing). Next, Medeiros testified that Devine opened a sealed, DFS-issued "DUI [blood draw] kit," removed a "needle" from a sealed envelope inside the kit and used it to withdraw two samples of whole blood from Getachew's left arm after cleaning his arm with "soap and water." *See* Code § 18.2-268.5 (requiring the nurse to use "soap and water" to "cleanse part of the body from which the blood is taken" and use "chemically clean sterile disposable syringes" to withdraw the accused's blood). Medeiros' testimony also revealed that Devine put the blood sample into two separate vials and sealed them, sequentially putting a completed certificate of blood withdrawal on each vial. *See* Code § 18.2-268.6 (requiring the person taking the blood samples to place them in sealed vials provided or approved by DFS and attach a blood withdrawal certificate to each vial). Finally, consistent with Code § 18.2-268.7,

- 14 -

Schneider analyzed the contents of one of the vials, produced a certificate of analysis documenting his conclusions, and removed the blood withdrawal certificate from the vial containing the blood sample he tested and attached it to the certificate of analysis.

The totality of the evidence clearly shows that even without the challenged testimony, the trial court was permitted to conclude that the Commonwealth satisfied the requirements under Code § 18.2-269(A)(ii) and Code § 18.2-269(A)(3) necessary to trigger the rebuttable presumption that he was under the influence of alcohol intoxicants at the time of the alleged offense. Accordingly, we are confident that any error was harmless because it did not "substantially influence[]" the jury's verdict. *Haas*, 299 Va. at 467 (quoting *Clay*, 262 Va. at 259).

III. Jury Instruction

"A reviewing court's responsibility in reviewing jury instructions is to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises." *Fahringer v. Commonwealth*, 70 Va. App. 208, 211 (2019) (quoting *Darnell v. Commonwealth*, 6 Va. App. 485, 488 (1988)). "We review a trial court's decisions in giving and denying requested jury instructions for abuse of discretion." *Holmes v. Commonwealth*, 76 Va. App. 34, 53 (2022) (quoting *Conley v. Commonwealth*, 74 Va. App. 658, 675 (2022)). "[W]hether a jury instruction accurately states the relevant law is a question of law that we review de novo." *Watson v. Commonwealth*, 298 Va. 197, 207 (2019) (quoting *Payne v. Commonwealth*, 292 Va. 855, 869 (2016)).

Getachew argues that the trial court abused its discretion by providing Jury Instruction 5. He contends that the instruction was not applicable because the Commonwealth failed to satisfy Code § 18.2-269(A)(ii)'s requirements for triggering the rebuttable presumptions under Code § 18.2-269(A). Specifically, he argues that the rebuttable presumption under Code

- 15 -

§ 18.2-269(A)(3) does not apply when, as here, the defendant's blood is withdrawn under a search warrant and the Commonwealth relies on substantial compliance to admit the certificate of analysis. The relevant code section reads as:

> If there was at that time 0.08 percent or more by weight by volume of alcohol in the accused's blood or 0.08 grams or more per 210 liters of the accused's breath, it shall be presumed that the accused was under the influence of alcohol intoxicants at the time of the alleged offense.

Code § 18.2-269(A)(3). Moreover, he argues that Officer Medeiros's testimony was insufficient to demonstrate Devine's compliance with Code § 18.2-268.5 that Code § 18.2-269(A)(ii) requires.

Nevertheless, it is well-established that a litigant may not "approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." *Heart v. Commonwealth*, 75 Va. App. 453, 465 (2022) (quoting *Cody v. Commonwealth*, 68 Va. App. 638, 665 (2018)). "Nor may a party invite error and then attempt to take advantage of the situation created by his own wrong." *Alford v. Commonwealth*, 56 Va. App. 706, 709 (2010) (quoting *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009)). Those doctrines bar a defendant from offering or agreeing to specific jury instructions at trial but then challenging the language of those instructions on appeal. *McBride v. Commonwealth*, 44 Va. App. 526, 529-31 (2004).

The record demonstrates that at trial, Getachew only objected to the language in Jury Instruction 5 that stated, "You are also permitted, but not required, to infer that the BAC measured by the chemical test was the defendant's BAC at the time of the alleged crime." He did not object to rest of the jury instruction stating,

> You have received evidence of the amount of alcohol in the blood of the defendant at the time that a chemical test was administered. If at that time the amount was 0.08 or more, you are permitted, but not required, to infer that the defendant was under the influence of alcohol at the time of the alleged crime.

- 16 -

The unchallenged portion of the jury instruction covers the rebuttable presumption that "the accused was under the influence of alcohol intoxicants at the time of the alleged offense." Code 18.2-269(A)(3). Thus, Getachew waived his argument of the rebuttable presumption being covered by agreeing to that portion of the instruction. *McBride*, 44 Va. App. at 529-31. By not clearly stating and maintaining an objection to the entirety of the jury instructions proposed by the Commonwealth, Getachew's argument that the Commonwealth failed to trigger the rebuttable presumption is waived.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*